JUDGE SAND

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

    - v. -                          :

OLIVIA JEANNE BOWEN,               :

             Defendant.      :

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 15 2007

INDICTMENT

07 Cr.

06 CRIM 961

COUNT ONE

    The Grand Jury charges:

    1.   From at least in or about early 2005, up to and including the present, in the Southern District of New York and elsewhere, OLIVIA JEANNE BOWEN, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1343.

    2.   It was a part and an object of the conspiracy that OLIVIA JEANNE BOWEN, the defendant, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture, and sound for the purpose of executing

such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a. In or about December 2005, during a telephone call, OLIVIA JEANNE BOWEN, the defendant, explained to an individual in New Jersey (Victim-2), that she was managing an investment program involving the collection of funds in order to pay fees that, once paid, would release a substantial sum of money in an overseas account, resulting in significant returns to investors.

b. As a result of the telephone call described in subparagraph (a) above, in or about December 2005, BOWEN caused Victim-2 to transfer by wire approximately $60,000 to a bank account under her control.

c. In or about July 2005, a co-conspirator not named herein spoke with an individual in New York (Victim-4), and described an investment opportunity that the co-conspirator claimed would provide a large return on investment, in a short period of time, with little risk.

        d.    As a result of the telephone call described in subparagraph (c) above, in or about July 2005, Victim-4 transferred by wire approximately $10,000 to an account in Tennessee in BOWEN's name.

        e.    In or about the summer of 2005, during a telephone call, BOWEN explained to an individual in North Carolina (Victim-5) that more than $100 million was frozen in an overseas account, and that investors were being recruited to pay legal and other fees in order to unfreeze the funds.  In exchange for assisting in the payment of those fees, BOWEN claimed in this telephone call that investors would receive a large return on their investment once the funds in the overseas account were released.

        f.    As a result of the telephone call described in subparagraph (e) above, BOWEN caused Victim-5's brother to wire transfer approximately $50,000, from New York, New York, to a bank account in her name.

(Title 18, United States Code, Section 1349.)

<u>COUNT TWO</u>

The Grand Jury further charges:

4.  In or about July 2005, in the Southern District of New York and elsewhere, OLIVIA JEANNE BOWEN, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false

3

and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, BOWEN caused Victim-5's brother to transfer by wire approximately $50,000 from a bank account in New York, New York, to an account in BOWEN's name in Tennessee.

(Title 18, United States Code, Section 1343.)

### FORFEITURE ALLEGATION

5.  As the result of committing the offenses in violation of Title 18, United States Code, Sections 1349 and 1343, as alleged in Counts One and Two of this Indictment, OLIVIA JEANNE BOWEN, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two above.

### Substitute Asset Provision

6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1)   cannot be located upon the exercise of due diligence;

    (2)   has been transferred or sold to, or deposited with, a third person;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982(a)(2)(A) and 1343.)

_____  _____
FOREPERSON          MICHAEL J. GARCIA
                United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

OLIVIA JEANNE BOWEN,

Defendant.

INDICTMENT

07 Cr.

(18 U.S.C. §§ 1349 & 1343)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

10/15/07 Filed. Indictment Case assigned to Judge Sand.

Pitman
U.S.M.J.