UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :        SUPERSEDING
                                               INDICTMENT
        - v. -                        :
                                               S1 07 Cr. 961 (LBS)
OLIVIA JEANNE BOWEN,                  :
NOEMI DODAKIAN,
    a/k/a "Emi Dodakian,"             :
DAVID NORMAN,
    a/k/a "Jim Norman,"               :
ROBERT INGRAM, and
CHONG SHING WU,                       :

            Defendants.               :

                                      :

- - - - - - - - - - - - - - - - - x



## COUNT ONE

The Grand Jury charges:

1.   From at least in or about early 2005, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, OLIVIA JEANNE BOWEN, NOEMI DODAKIAN, a/k/a "Emi Dodakian," and DAVID NORMAN, a/k/a "Jim Norman," the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1343.

2.   It was a part and an object of the conspiracy that OLIVIA JEANNE BOWEN, NOEMI DODAKIAN, a/k/a "Emi Dodakian," and DAVID NORMAN, a/k/a "Jim Norman," the defendants, and others known and unknown, unlawfully, willfully and knowingly, having

devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>OVERT ACTS</u>

3.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    On or about July 13, 2005, a victim in New York ("Victim-1") wired $50,000 from a bank account in New York, New York to a bank account in Tennessee under the control of OLIVIA JEANNE BOWEN, the defendant, for a purported investment opportunity sponsored by DAVID NORMAN, a/k/a "Jim Norman," the defendant, that promised high returns on investment in a short period of time.

b.    On or about October 9, 2005, NOEMI DODAKIAN, a/k/a "Emi Dodakian," the defendant, e-mailed Victim-1 in New York, New York to inform him that he should expect return of his principal within a week.

2

c.    On or about December 5, 2005, BOWEN caused a victim in New Jersey ("Victim-2") to wire transfer $20,000 to a bank account in Tennessee under the control of BOWEN for NORMAN's purported investment opportunity.

d.    On or about December 12, 2005, BOWEN sent a facsimile from Tennessee to Victim-2 in New Jersey containing promissory notes in which BOWEN promised to pay Victim-2 the initial $20,000 invested by December 15, 2005, and an additional $100,000 by December 20, 2005.

e.    On or about December 30, 2005, NORMAN sent an e-mail to BOWEN in Tennessee, for distribution to investors in NORMAN's purported investment program, stating that NORMAN's investment program had paid in full its purported obligation to the International Monetary Fund, the World Bank, and the World Court, and that funds would soon be available for distribution.

f.    On or about June 11, 2007, NORMAN caused an undercover agent ("UC") to send $2,000 by wire from New York, New York to a co-conspirator in Toronto, Canada ("CC-1").

(Title 18, United States Code, Section 1349.)

COUNT TWO

The Grand Jury further charges:

4.    From at least in or about early 2005, up to and including the filing of this Indictment, in the Southern District of New York and elsewhere, OLIVIA JEANNE BOWEN, NOEMI DODAKIAN,

a/k/a "Emi Dodakian," ROBERT INGRAM, and CHONG SHING WU, the defendants, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1343.

5.    It was a part and an object of the conspiracy that OLIVIA JEANNE BOWEN, NOEMI DODAKIAN, a/k/a "Emi Dodakian," ROBERT INGRAM, and CHONG SHING WU, the defendants, and others known and unknown, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

<u>OVERT ACTS</u>

6.    In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

4

a.    On or about August 12, 2005, ROBERT INGRAM, the defendant, wired $50,000 to CHONG SHING WU, the defendant, representing proceeds of the conspiracy, from Arizona via a bank in New York, New York.

b.    On or about December 15, 2006, INGRAM told Victim-2 in New Jersey via telephone that he had worked with OLIVIA JEANNE BOWEN and NOEMI DODAKIAN, a/k/a "Emi Dodakian," the defendants, and that while he did not know DAVID NORMAN, a/k/a "Jim Norman," the defendant, he would pay out the returns promised by NORMAN if Victim-1 invested with INGRAM.

c.    On or about December 22, 2006, INGRAM spoke with a UC in Queens, New York via telephone about a purported investment opportunity involving a multi-billion-dollar note underwritten by the United States Federal Reserve in Europe. INGRAM stated that CHONG SHING WU, the defendant, was INGRAM's agent for the investment.

d.    In or about September 14, 2007, INGRAM caused a UC to send $450 by wire from New York, New York to INGRAM to invest in INGRAM's purported investment program.

e.    On or about November 20, 2007, INGRAM and WU spoke with a victim ("Victim-3") in Illinois via telephone about the failure of the program to pay promised returns.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATION: COUNT ONE

7.   As a result of committing the offenses alleged in Count One of the Indictment, defendants OLIVIA JEANNE BOWEN, NOEMI DODAKIAN, a/k/a "Emi Dodakian," and DAVID NORMAN, a/k/a "Jim Norman," shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses, including but not limited to the following:

a.   At least $5 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the wire fraud conspiracy offenses charged in Count One of the Indictment.

### Substitute Asset Provision

b.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

6

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said

defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982, and
Title 28, United States Code, Section 2461.)

## FORFEITURE ALLEGATION: COUNT TWO

8.    As a result of committing the offenses alleged in

Count Two of the Indictment, defendants OLIVIA JEANNE BOWEN,

NOEMI DODAKIAN, a/k/a "Emi Dodakian," ROBERT INGRAM and CHONG

SHING WU shall forfeit to the United States, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real

and personal, that constitutes or is derived from proceeds

traceable to the commission of the said offenses, including but

not limited to the following:

a.    At least $7 million in United States currency, in

that such sum in aggregate is property representing the amount of

proceeds obtained as a result of the wire fraud conspiracy

offenses charged in Count Two of the Indictment.

### Substitute Asset Provision

b.    If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

7

(1) cannot be located upon the exercise of due

diligence;

(2) has been transferred or sold to, or deposited with,

a third person;

(3) has been placed beyond the jurisdiction of the

Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said

defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982, and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

OLIVIA JEANNE BOWEN,
NOEMI DODAKIAN,
a/k/a "Emi Dodakian,"
DAVID NORMAN,
a/k/a "Jim Norman,"
ROBERT INGRAM,
and CHONG SHING WU,

Defendants.

**SUPERSEDING
INDICTMENT**

S1 07 Cr. 961 (LBS)

(18 U.S.C. §§ 1343 & 1349.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.